UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AMIKA WARD,**<br><br>Plaintiff,<br><br>vs.<br><br>**ALCAR RECOVERY, LLC et al.,**<br><br>Defendants. | 2:23-CV-10157-TGB-CI<br><br>HON. TERRENCE G. BERG<br><br><br>**ORDER GRANTING MOTION TO TAKE LIMITED DISCOVERY**<br>**(ECF NO. 4)** |

Plaintiff Amika Ward sues Alcar Recovery, LLC and three unknown defendants: an unknown repossession company ("Roe Recovery") and two of its unknown employees, identified by Ward as John Doe #1 and John Doe #2. The events of this case stem from the attempted repossession of a Ward's car.

According to Ward, nonparty Credit Acceptance Corporation hired Alcar to repossess the vehicle, and Alcar subcontracted the work to Roe Recovery. Compl., ECF No. 1, PageID.2. Ward says that during the repossession, John Doe #2 pepper sprayed Ward while John Doe #1 hoisted Ward's car onto a tow truck and drove off with Ward still in the car. *Id.* at PageID.2-3. Ward further alleges that John Doe #2 falsely reported to the police that Ward had brandished a gun, causing Ward's violent arrest when police arrived. *Id.* at PageID.3. Ward seeks permission to conduct limited discovery to identify Roe Recovery and the

1

two unknown recovery agents. Because Alcar Recovery has not responded to the Complaint, the Clerk of the Court entered default against Alcar on March 31, 2023.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(d)(1) provides that "a party may not seek discovery form any source before the parties have conferred as required by Rule 26(f)" unless authorized by court order.

When deciding whether to allow early discovery, "the Court should evaluate whether good cause exists." *Woodward v. Chetvertakov*, 2013 WL 5836219, at *1 (E.D. Mich. Oct. 30, 2013) (citation and internal marks omitted). Relevant considerations include the purpose for requesting expedited discovery, the breadth of discovery sought, and the possible harm to the defendants or other responding parties if the request is granted. *Lashuay v. Delilne*, 2018 WL 317856, at *3-4 (E.D. Mich. Jan. 8, 2018) (surveying factors considered by courts). Additionally, courts in this district have repeatedly held that a plaintiff shows good cause sufficient to obtain discovery before a Rule 26(f) conference when, as here, the requested discovery is required to determine a defendant's identity. *Simpson v. Doe #1-2*, 2021 WL 8084521, at *1 (E.D. Mich. May 7, 2021) (collecting cases).

## II. DISCUSSION

In her Motion and attached Declaration from Ward's counsel, Ward has shown that the requested discovery is necessary to identify the

unknown defendants. Ward's counsel explains that he has attempted to identify the individuals responsible using reasonably available information. Lyngklip Decl., ECF No. 4-1, PageID.19. He says that he used freedom-of-information requests to obtain documents from the Flint Police Department, but that the police report did not name either of the recovery agents or their employer. According to Ward's counsel, the police have also withheld other records that might identify the unknown defendants.

Ward's discovery requests are narrowly tailored to obtain the requested information with minimal burden to Defendant Alcar and nonparty Credit Acceptance Corporation. Ward proposes to serve a subpoena seeking "documents under which [Credit Acceptance and Alcar] engaged the repossession," documents showing the address of the Roe Recovery, and payment receipts. Lyngklip Decl., ECF No. 4-1, PageID.20. Ward also proposes to serve a subpoena on Roe Recovery once its identity is known, seeking information on the two agents who actually performed the repossession. It is reasonably likely that this proposed discovery will identify the unknown defendants. Alcar Recovery or Credit Acceptance Corporation necessarily must know the name of the company that ultimately completed the repossession of Ward's car. That company, in turn, must possess information that would identify the agents it sent to perform the repossession. And responding to these requests should not impose a significant burden on either responding party.

## III. CONCLUSION

The Court finds that Ward's proposed subpoenas are warranted under Rule 26(d)(1). Without early discovery, Ward cannot identify the unknown Defendants, and this case cannot proceed.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Limited Discovery to Identify, Name, and Serve Anonymous Defendants is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may serve the subpoenas described in Exhibit 1 to Plaintiff's Motion on Alcar Recovery, Credit Acceptance Corporation, and, once it is identified, Roe Recovery.

**IT IS SO ORDERED** this 20th day of April, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge