UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AMIKA WARD,**<br><br>Plaintiff,<br><br>vs.<br><br>**ALCAR RECOVERY, ET AL.,**<br><br>Defendants. | 2:23-CV-10157-TGB-CI<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING ALCAR RECOVERY'S MOTION TO DISMISS WITHOUT PREJUDICE**<br>**(ECF NO. 20)**<br><br>**AND ALLOWING PLAINTIFF TO SEEK LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Plaintiff Amika Ward filed a lawsuit over actions that took place during the repossession of her boyfriend Robert Burrell's car by Alcar Recovery, LLC ("Alcar"), SH Recovery, Inc. ("SH"), Steven Hardy, and Albert Lafave II.[1] Hardy and Lafave are employees of SH, which was hired by Alcar to repossess the vehicle. Ward's First Amended Complaint added SH, Hardy, and Lafave by name and was filed on May 30, 2023. ECF No. 16. On June 13, 2023, Alcar filed a motion to dismiss the First Amended Complaint for a failure to state a claim upon which relief can be granted. ECF No. 20.

---

[1] In his answer to the First Amended Complaint, ECF No. 22, Defendant Albert Lafave II spells his name so the Court will amend the case caption from Lafavre.

1

The motion to dismiss is **GRANTED without prejudice**. Plaintiff has filed two deficient complaints, despite amending the original complaint. While Defendants arguably have notice of the underlying factual allegations from the operative pleadings, they do not have adequate notice of the specific legal claims against them. Fed R. Civ. P. 8(a)(2). The current complaint contains no counts, and therefore, Defendants could not properly separate causes of action or counts in a manner that would enable them to state their separate defenses. Fed. R. Civ. P. 10(b).

Federal courts are a notice pleading system, but the Federal Rules of Civil Procedure come with certain requirements. Plaintiff has twice failed to comply with the "legal and factual demands" of pleading under requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See 16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 506 (6th Cir. 2013). This Court already gave Plaintiff the opportunity to amend the complaint to remedy those issues, ECF No. 15, but counsel ignored the valid objections contained in the first motion to dismiss by Alcar. ECF No. 13. That motion raised the very same defects that are being raised here for a second time.

The First Amended Complaint fails to make specific claims with causes of actions directed against particular defendants. There is a header for a "first cause of action," but it is merely followed by a series of factual allegations, and no succeeding causes of action are identified in

2

the remainder of the complaint (as one would expect following the "first" such cause of action). ECF No. 16, PageID.65–69. Although the complaint cites two federal laws—the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), and the Civil Rights Act, 42 U.S.C. § 1983—these are mentioned only in the context of alleging federal question jurisdiction. ECF No. 16, PageID.64. The complaint also references violations of unspecified state laws that allegedly are implicated by the same nucleus of operative facts. *Id.*

Nonetheless, Plaintiff's response to the motion to dismiss, makes it clear that Plaintiff's counsel has specific causes of actions in mind and is capable of connecting them to the facts presented. ECF No. 25. However, a complaint may not be amended by making allegations in a motion or brief that is not a pleading. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020); Fed. R. Civ. P. 7(a).

Because it appears that Plaintiff may be able to adequately state some claims, the Court will grant permission to Plaintiff to file a motion seeking leave to file a Second Amended Complaint under Fed. R. Civ. P. 15(a)(2).[2] Plaintiff must attach to the motion a proposed Second Amended

---

[2] The Court notes that, with respect to Ward's purported claim under § 1983, she fails to meet the state action requirement, to meet the requirements of *Monell* municipal liability, or—with respect to the civil conspiracy claim—to plead any conspiracy with the Flint Police Department. ECF No. 20, PageID.95–103. Plaintiff disclaims alleging such a cause of action but did not object to the dismissal of it without

Complaint. Plaintiff is admonished that in filing this pleading, she must comply with the "legal and factual demands" set out in the Supreme Court cases of *Twombly* and *Iqbal*, cited above. Specifically, in the Second Amended Complaint, Plaintiff must state facts that specifically make out a cause of action, must identify each cause of action by a numbered count citing to the applicable statutory or common law cause of action by name, and must clearly identify the grounds of alleged liability as to each individual defendant. Defendants may file a brief in opposition within 10 days.

If Plaintiff fails to file an adequate complaint, then the Court will deny the motion for leave to amend and dismiss the complaint with prejudice against all Defendants. *See Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (stating that a court may deny a motion for leave to amend a complaint when there is repeated failure to cure deficiencies by previously allowed amendments).

Accordingly, **IT IS HEREBY ORDERED**, that:

- The First Amended Complaint is hereby **DISMISSED without prejudice**;
- Plaintiff may file a motion seeking leave to file a Second Amended Complaint, with a proposed Second Amended

---

prejudice. ECF No. 24, PageID.132. Under these circumstances, unless other facts exist that have not been pled, Plaintiff would be well advised to exclude any § 1983 claims from its proposed Second Amended Complaint.

Complaint attached, **within 14 days of the date of this Order**;

- If Plaintiff fails to file such motion within this timeframe, the complaint will be **DISMISSED with prejudice**; and
- Defendants may file an opposition to the motion **within 10 days of the date that the motion for leave is filed**.

**SO ORDERED**.

Dated: January 5, 2024       /s/Terrence G. Berg
                                          HON. TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE